UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT J. KELLY,

                Plaintiff,

    -against-                      MEMORANDUM AND ORDER
                                          09-CV-5378 (JS)(AKT)

DEUTSCHE BANK SECURITIES CORPOARTION,
DEUTSCHE BANK SECURITIES, INC.,
DEUTSCHE BANK AG,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      William Edward Vita, Esq.
                    Westerman Ball Ederer
                    Miller & Sharfstein, LLP
                    170 Old Country Road
                    Mineola, NY 11501

For Defendants:     Clifford Hale Fonstein, Esq.
                    Joanne Seltzer, Esq.
                    Sidley Austin LLP
                    787 Seventh Avenue
                    New York, NY 10019

SEYBERT, District Judge:

       Pending before the Court is Defendants' motion to dismiss Plaintiff's first cause of action. For the foregoing reason, that motion is GRANTED.

## BACKGROUND

       Plaintiff Robert Kelly worked for Defendant Deutsche Bank AG and related entities (collectively, "Deutsche Bank") until May 25, 1990, when he became permanently disabled. Compl. ¶ 5. Following Mr. Kelly's disability, he entered into a Settlement Agreement with Deutsche Bank that provided him with

specified pension benefits, disability benefits, life insurance, and health insurance, among other things. Compl. ¶¶ 6-7. The Agreement provides that Mr. Kelly shall receive "all the benefits available to an executive employee . . . terminated due to permanent disability." Comp. ¶ 8. The Agreement further provides that, "under certain circumstances, Mr. Kelly's benefits may be increased if Deutsche increases or expands executive benefits for other Deutsche executive employees." Comp. ¶ 9.

Mr. Kelly alleges that Deutsche Bank has breached the Settlement Agreement and violated ERISA by, among other things: (1) deducting an alleged $8,000 overpayment caused by an "accounting error" from his monthly check; (2) reducing his monthly check by $1,000 a month; (3) not paying him the $25,000 month he is allegedly entitled to; (4) underpaying his disability benefits by $8,000 per month; (5) not providing life insurance; (6) not providing a satisfactory health insurance policy. Compl. ¶¶ 10-23.

Defendant has moved to dismiss Mr. Kelly's breach of contract claim on the grounds that ERISA preempts it.

## DISCUSSION

I. Standard Of Review On A Motion To Dismiss

In deciding FED. R. CIV. P. 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by

2

"[t]wo working principles," Ashcroft v. Iqbal, \_\_ U.S. \_\_, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft). Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). Id. Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## II. Mr. Kelly's Breach Of Contract Claim Is Preempted

It is well-settled that ERISA preempts common law state claims that "do not attempt to remedy any violation of a legal duty independent of ERISA." Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 114 (2d Cir. 2008). This includes breach of contract claims. See Empire HealthChoice Assur., Inc. v. McVeigh, 396 F.3d 136, 157 (2d Cir. 2005) ("ERISA preempts generally applicable state contract law when that law is relied upon to enforce a benefits plan"). And a settlement agreement is, obviously, a contract. Thus, the great weight of authority holds that ERISA preempts common law claims

3

to enforce a settlement agreement relating to an ERISA-covered benefit plan.[1]

Mr. Kelly tries to distinguish his action on the grounds that his contractual claim depends on independent rights, created by the Settlement Agreement. In this regard, Mr. Kelly relies heavily upon Cantor v. American Banknote Corp., 06-CV-1392, 2007 WL 3084966 (S.D.N.Y. 2007). The Court disagrees, because Cantor is distinguishable. In Cantor, the plaintiff signed a settlement agreement that promised him "the same benefits post-agreement that he had previously received" under an ERISA regulated plan. Id. at *6. In so doing, the agreement created an independent contractual obligation, albeit one based on an existing ERISA plan. By the time of the Cantor case, however, the defendant was not that plan's administrator. Id. Thus, the defendant owed no liability under ERISA. Rather, its liability, if any, stemmed from the independent obligations it undertook in signing the settlement agreement.

Here, Mr. Kelly's claims are not truly independent of ERISA, but rather depend upon the terms of Defendants' previous

---

[1] See, e.g., Board of Trustees of Hotel and Restaurant Employees Local 25 v. Madison Hotel, Inc., 97 F.3d 1479, 1487-1488 (D.C. Cir. 1996); Biggers v. Wittek Industries, Inc., 4 F.3d 291, 298 (4th Cir. 1993); Boren v. N.L. Industries, Inc., 889 F.2d 1463, 1466 (5th Cir. 1989) (court approved settlement); Yonker v. United Parcel Service, Inc., 06-CV-0673, 2007 WL 5650179, *1 (W.D. Wis. 2007); but see St. Hilaire v. Industrial Roofing Co., 341 F. Supp. 2d 28, 30 (D. Me. 2004).

or existing ERISA benefits plans. Mr. Kelly's pension underpayment claim depends upon his belief that he is not receiving the "maximum amount available" under the current ERISA regulated pension plan. Compl. ¶ 14; Settlement Agreement § 7. His disability benefits underpayment claim depends upon Defendants' having "increased or improved" the ERISA regulated benefits they provide to other employees terminated due to disability. Compl. ¶¶ 9, 16-18; Settlement Agreement § 9. His life insurance claim depends upon his right to the "more generous of": (1) 35% of the coverage he received "under the applicable [ERISA regulated] life insurance" plan; or (2) coverage under the ERISA regulated "plans in effect when Mr. Kelly reaches the age of 65." Compl. ¶¶ 19-20; Settlement Agreement §§ 6, 9. Finally, his claim for insufficient health insurance benefits depends upon his right to be "insured under the DBNA Health Insurance Plan" and/or the plan Defendants' offered "for Retiree Group Insurance coverage." Compl. ¶ 21; Settlement Agreement § 5. Thus, each and every one of Mr. Kelly's "contractual" claims depends upon the interpretation and/or administration of ERISA regulated plans. And, consequently, Mr. Kelly's contract cause of action does not truly seek to remedy the violation of "a legal duty independent of ERISA." Paneccasio, 532 F.3d at 114.

5

This does not mean, however, that Mr. Kelly is "left without a means to enforce the Settlement Agreement." Bridge v. McHenry Truck Lines, Inc., 96-CV-4628, 1998 WL 427611, *3 (N.D.Ill. 1998). "ERISA specifically authorizes Plaintiffs to bring a claim for unpaid or delinquent contributions." Id. (citing 29 U.S.C. §§ 1132(a)(1)(B), 1145). And the Court can look to the Settlement Agreement to determine the amount of unpaid or delinquent contributions that Defendants allegedly owe Mr. Kelly. Id. So Mr. Kelly's improperly pled contract claim functions only as a "duplicative avenue[] for arriving at the same remedy – benefits available under Defendants' ERISA plans." Def. Reply Br. at 1.

## CONCLUSION

Defendants' partial motion to dismiss is GRANTED. Plaintiff's first cause of action, for breach of the Settlement Agreement, is DISMISSED.

SO ORDERED.

**JOANNA SEYBERT**
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
June 3, 2010